259 F.2d 735
 119 U.S.P.Q. 209
 Frank HESS, Plaintiff-Appellant,
v.
James Caesar PETRILLO, Leroy New, and Lloyd E. Wilson, all
individually and as members of and on behalf of and as
representatives of all the other members of the American
Federation of Musicians, affiliated with the AFL-CIO, and
Ross Christena, Art Gordon, Al Davis, Herbert Marks, Oscar
White, Roland Muse, Billy Craydon and Joe Franklyn, and Many
Others All Booking Agents, Licensed By The American
Federation of Musicians, Defendants-Appellees.
 No. 12290.
 United States Court of Appeals Seventh Circuit.
 Oct. 17, 1958.
 
 George Rose, Indianapolis, Ind., for appellant.
 Daniel F. Cummings, Indianapolis, Ind., Stephen I. Schlossberg, Henry Kaiser, Washington, D.C., Clarence R. Martin and Leroy K. New, Indianapolis, Ind., Van Arkel & Kaiser, Washington, D.C., for appellees.
 Before DUFFY, Chief Judge, HASTINGS, Circuit Judge, and WHAM, District judge.
 DUFFY, Chief Judge.
 
 
 1
 Plaintiff is a professional musician and for more than ten years has been a member of the American Federation of Musicians (hereinafter called the Union). Plaintiff invented an electronic combination of twelve musical instruments in one unit which can be played by one person. He received a patent on his invention dated March 12, 1957.
 
 
 2
 Plaintiff filed this suit in the United States District Court for the Southern District of Indiana. According to the complaint, the Union grants licenses to bookers and agents who secure engagements and contracts for musicians, orchestras and bands. Plaintiff alleges that after the Union objected to the performance by plaintiff upon his patented device on the ground that it was a threat to trios and bands, it conspired with the booking agents to prevent plaintiff from obtaining employment in performing upon his invention.
 
 
 3
 Defendants moved to dismiss the complaint on the ground that it did not state a claim upon which relief could be granted. The District Court granted the motion to dismiss.
 
 
 4
 The first reason advanced by plaintiff to show why the District Court had jurisdiction of this cause is that federal courts have exclusive jurisdiction of all cases arising under the patent laws of the United States. Plaintiff argues that the patent granted him sole rights to use, sell or manufacture his invention, and that the conspiracy between the Union and the booking agents effectively prevented him from making use of his patent. Plaintiff insists his rights in his patent have been unllified by the threat of retaliation by the Union against booking agents who would otherwise find engagements for the plaintiff.
 
 
 5
 It is clear that the complaint does not state a claim under the patent laws of the United States. 'The patent grant is not of a right to the patentee to use the invention, for that he already possesses. It is a grant of the right to exclude others from using it * * *. By the very terms of the statute the grant is nothing more than a means of preventing others, except under license from the patentee, from appropriating his invention.' Special Equipment Company v. Coe, 324 U.S. 370, 378, 65 S.Ct. 741, 745, 89 L.Ed. 1006.
 
 
 6
 Plaintiff next contends his rights under the First and Fifth Amendments to the Constitution of the United States were violated. As we understand plaintiff's argument on this point, he complains that Congress, in enacting the Labor Management Relations Act of 1947, (29 U.S.C.A. 151 et seq.) permits a Union to demand and obtain a union shop. He states: 'In this manner authorized by Congress, the defendant Union has obtained control of employment in most of the musical entertainment field.' Plaintiff then argues that the Union's control of musical performances through the Union shop, and its policy of forbidding its members to deal with any booker not licensed by the Union, gives the Union such complete control that those musicians whom the Union views with disfavor cannot obtain employment. Plaintiff claims he has been placed in that category because of his desire to perform upon his patented device.
 
 
 7
 Plaintiff does not state which of his rights under the First Amendment was violated. In fact, he does not pinpoint his claim of violation of the Fifth Amendment. The claims of violation of plaintiff's constitutional rights are merely the conclusions of the pleader. Mere unsupported conclusions of fact or mixed fact and law are not admitted by a motion to dismiss. Homan Manufacturing Co. v. Russo, 7 Cir., 233 F.2d 547, 550.
 
 
 8
 We think it is crystal clear that even under the most liberal interpretation we can give to the complaint, no claim is stated therein showing a violation of plaintiff's rights under the First and Fifth Amendments.
 
 
 9
 In the District Court the plaintiff claimed the action of the defendants amounted to a violation of the Sherman Antitrust law, 15 U.S.C.A. 1 et seq. No emphasis has been placed on that contention on this appeal and we assume it has been abandoned. In any event, the Union's conduct complained of by plaintiff was in its own self-interest and was not aimed at commercial controls over markets and prices. We hold that no claim under the Sherman Act is stated in the complaint.
 
 
 10
 The action of the District Court in dismissing the complaint was correct.
 
 
 11
 Affirmed.