Peter **FRANKLIN**, Plaintiff,

v.

**Paul B. ZUBER et al., Defendants.**

**No. 67 Civ. 1355.**

United States District Court,
S. D. New York.

Sept. 29, 1972.

Community Law Offices, for plaintiff; by Carl O. Callender, Director, John D. Draghi, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, for defendants Robert M. Morgenthau and Edward Fitzgerald, Jr.; by Yale L. Rosenberg, New York City, of counsel.

GURFEIN, District Judge.

This is a motion under Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted against defendants Robert M. Morgenthau and Edward J. Fitzgerald, Jr. The complaint, originally brought pro se, alleges that a State Supreme Court Judge (heretofore dismissed as a defendant) conspired with attorneys for a local trade union to deny a fair and impartial hearing to the plaintiff, and that the matter was brought to the attention of the Justice Department "stating that by conspiracy my Civil Rights had been violated. I was told that they did not have jurisdiction over Civil Rights." That is the gravamen as well as the substance of the complaint against Mr. Morgenthau, a former United States Attorney.[1]

The allegation against Mr. Fitzgerald who was a Director of the Internal Revenue Service is that "[o]n or about the same year the Internal Revenue did enter into and became a party to this conspiracy and for four years thereafter they

---

1. Since it is short, the entire complaint is set forth:

"The nature of this Action. I was denied my Constitutional Rights by conspiracy. On or about June 12, 1963 Judge Thomas A. Aurelio did conspire with attorneys of Local 32B of Building Service Employees to deny plaintiff a fair and impartial hearing. They did same by falsifying data and suppressing evidence.

"On or about October 22, 1963 plaintiff brought this matter to the attention of the Justice Department stating that by conspiracy my Civil Rights had been violated. I was told that they did not have jurisdiction over Civil Rights.

"On or about November 10, 1963 plaintiff retained attorney, Mr. Paul Zuber for the sum of One hundred Dollars to rectify this miscarriage of justice. Once again Local 32B conspired with attorney Paul Zuber to further interfere with my rights.

"On or about December 1963 Mr. Percy S. Sutton did slander me in the presence of others by making detrimental and accusing remarks about my person. Said remarks were meant to imprison me. On or about the same year the Internal Revenue did enter into and become a party to this conspiracy and for four years thereafter they have harassed and embarrassed me and investigated and invaded my privacy by search and seizure. All of these acts were done to prevent and/or neglect to prevent.

"The reason I think this Court has jurisdiction is because this is a constitutional matter and my only redress is in the Federal Court.

"I am suing for loss of economics and four and one half years of mental suffering and loss of dignity, and request Five Hundred Thousand Dollars and all legal fees."

have harassed [sic] and embarrassed me and investigated and invaded my privacy by search and seizure." The plaintiff seeks to recover $500,000 and legal fees.

The United States Attorney bases his motion to dismiss on behalf of Morgenthau and Fitzgerald on the grounds that (1) the actions of which the plaintiff complains were performed, if at all, by each defendant in the course of his official duties; and (2) that the Federal Tort Claims Act is not applicable to claims based on a failure of a Government employee to exercise a discretionary function (28 U.S.C. § 2680(a)), or to claims arising out of the assessment or collection of any tax (28 U.S.C. § 2680 (c)).[2]

It is unclear from the complaint whether the plaintiff is premising the alleged liability of the Federal defendants upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b), sub-chapter I of the Civil Rights Act, 42 U.S.C. § 1981–95, both on Tort Claims and Civil Rights Acts, or some other theory. Counsel for the plaintiff now contends that the claim is based on 28 U.S.C. § 1343, 42 U.S.C. §§ 1985 and 1986.[3] Jurisdiction appears to exist under either 28 U.S.C. §§ 1331, 1343 or 1346(b).

■ While we recognize that in the modern federal practice a complaint which supports a claim for relief on any theory should be sustained, Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we cannot validate complaints against public officials which literally say nothing except by way of conclusion. Hess v. Petrillo, 259 F.2d 735 (7 Cir. 1958).

I do not think it necessary to explore the rationale of Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950) and its application to a United States Attorney or a Director of the Internal Revenue Service. Nor is it necessary to rely on the holding of the Court of Appeals that "[i]nsofar as plaintiffs [sic] complaint of defendants' failure to investigate and act upon reports of an underworld plot to injure them, the defendants' [State Attorney General and his Assistant] conduct is clearly privileged as in the exercise of their official quasi-judicial functions." Scolnick and Scolnick v. Lefkowitz and Siegel, 329 F.2d 716 (2 Cir. 1964).

We get too many frivolous complaints based upon premises so imaginative that the pro se pleader cannot put them into words. One suspects that this is not because of inability to articulate, as evidenced by the quite adequate syle of the draftsman in other respects, but because there is nothing substantial to express.

■ Judge Learned Hand, in Gregoire v. Biddle, *supra,* noted that "to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." 177 F.2d at 581. I would add that, unless the pro se pleader sets forth, no matter how inelegantly, "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ. P. 8(a)(2)), he should not be permitted to waste the precious time of the public defendants, the Court or of himself. Words that spell out a motion picture are easier to find than words that spin a theory of law. We should be tolerant of inadequacy in the latter and suspicious of a failure to do the former. Even if prolixity is a vice in a professional pleader it may be excused in a pro se plaintiff.

2. On June 9, 1967 Judge Wyatt dismissed the complaint as to the local union (Rule 12(b)) and granted summary judgment in favor of the State Judge (Rule 56).

3. Although the plaintiff has expressed his dissatisfaction with counsel, the Court recognizes that he has filed a quite adequate memorandum of law to support an essentially untenable position.

There is nothing alleged in this complaint that would cast the slightest doubt on the immunity of the defendants because of malice or bad faith. Without exploring the nuances of absolute or conditional immunity, nothing is alleged on any theory to invite inquiry into the boundaries of their immunity.

The motion to dismiss the complaint is granted.

It is so ordered.