**Alan O'DEA et al.**

**v.**

**MASSACHUSETTS BOARD OF EDU-CATION et al.**

**Civ. A. No. 75–13–T.**

United States District Court,
D. Massachusetts.

May 2, 1975.

George E. Brankey, Boston, Mass., for plaintiffs.

Timothy J. W. Wise, L. Scott Harshbarger, Asst. Atty. Gen., Boston, Mass., for defendants.

Marilyn L. Sticklor, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for William J. Leary.

## OPINION AND ORDER

TAURO, District Judge.

This is a civil rights class action suit brought by residents of the city of Boston pursuant to 42 U.S.C. §§ 1983, 1984, 1985. They seek a declaration of unconstitutionality of the Racial Imbalance Law, Mass.Gen.Laws ch. 71, §§ 37C, 37D, 37I, 37J; ch. 15, §§ 1I, 1J, 1K, as amended. They also seek an order enjoining the implementation of any orders issued by Judge Garrity in Morgan v. Hennigan, 379 F.Supp. 410 (D.Mass.), aff'd sub nom. Morgan v. Kerrigan, 509 F.2d 580 (1st Cir. 1974). The defendants include the School Committee of the City of Boston, the Superintendent of the Boston Public Schools, and the Massachusetts Board of Education.

Plaintiffs filed an application to have this case heard before a three-judge court, pursuant to 28 U.S.C. §§ 2281, 2284. Defendants, Massachusetts Board of Education and the Superintendent of the Boston Public Schools, filed an opposition to that motion and have filed motions to dismiss. For the reasons stated below, the application to convene a three-judge court is denied. The motion to dismiss is granted.

## MOTION FOR THREE-JUDGE COURT

The complaint alleges that the implementation of the Racial Imbalance Act through the actions of the defendants and the orders of Judge Garrity in Morgan v. Hennigan constitutes:

(1) *"de facto* injunctive relief *against* the Plaintiffs in the case herein, and (2) infringement upon their constitutional rights by mandating through Federal Court orders that State and City officials implement a state law (Racial Imbalance Act), which he, (Garrity, J.) declared to be constitutional, which act is beyond the scope of his authority, i. e., his court not being one of competent jurisdiction."

Complaint, ¶ 7.

In Morgan v. Hennigan, Judge Garrity ruled that the Boston School system was unconstitutionally segregating students on the basis of race. Using the inherent equity powers of the federal courts, he issued a number of orders designed to desegregate the Boston Public schools. A final plan to accomplish that goal was not immediately available. Consequently, Judge Garrity adopted, as a federal remedy to correct violations of federal rights during the school year 1974–1975, the desegregation plan previously approved by the Supreme Judicial Court. Since he had retained jurisdiction over the case, he issued a number of orders modifying the implementation of that plan to bring about expeditious desegregation of the Boston public schools. While this interim remedy was the first step in desegregating the schools, a more detailed and complete plan was being evolved for subsequent years.

Plaintiffs have mistakenly construed the orders issued by Judge Garrity as constituting implementation of the Racial Imbalance Act. Such is not the case. The actions of the various defendants, insofar as they involve the challenged bussing of school children, are not being carried out pursuant to the

requirements of the Racial Imbalance Act. On the contrary, they are being performed in response to a federal court order which is independent of the Racial Imbalance Act. Even if the Racial Imbalance Act were declared unconstitutional, such an event would not relieve the defendants of their obligation to comply with the terms and conditions of Judge Garrity's order.

 Since the acts complained of do not relate to the enforcement, operation, or execution of a state statute, but relate solely to the execution of a federal district court order, this action is not cognizable under 28 U.S.C. §§ 2281, 2284. Accordingly, plaintiff's motion to convene a three-judge court is denied.

## MOTION TO DISMISS

 Paragraph one of the complaint alleges that this action is authorized by 42 U.S.C. §§ 1983, 1984, 1985. Section 1984 relates to the appellate jurisdiction of the Supreme Court and provides that the Court may hear an appeal in cases arising under the Civil Rights Act without regard to the amount in controversy. That section does not give this court jurisdiction and is irrelevant to any action of this court.

Section 1985 provides for an action for damages where two persons conspire to prevent a person from holding an office under the United States; conspire to deter any person from testifying freely in court; or conspire or go in disguise on the highway for the purpose of depriving any person of equal protection of the laws. Nowhere does the complaint set forth facts constituting an allegation of such conspiracies, and so does not set forth a claim under section 1985.

Section 1983 provides an action against a person who deprives a party of "any rights, privileges, or immunities secured by the Constitution and laws" while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." As has already been pointed out, the actions complained of in this case were performed pursuant to an order of a federal district court and not pursuant to any state statute. The facts alleged, therefore, do not set forth a claim cognizable under section 1983.

 Since the claims are not cognizable under 42 U.S.C. §§ 1983, 1984, or 1985, this court does not have jurisdiction under 28 U.S.C. § 1343(3), (4) as alleged in the complaint.

 Sections 2201, 2202 of Title 28 provide only for the power of a federal court to issue a declaratory judgment "in a case of actual controversy within its jurisdiction . . . ." That section does not provide an independent basis for federal jurisdiction and does not aid the plaintiff in securing federal jurisdiction over this action.

The complaint does not allege an appropriate basis for federal jurisdiction. No other basis for jurisdiction has been brought to the court's attention. Since it appears that this court is without jurisdiction defendants' motion to dismiss is granted.

So ordered.