Daintha Bailey KRIEGER, Plaintiff,

v.

REPUBLIC VAN LINES OF the SOUTHWEST, INC., Defendant.

Civ. A. No. 76-H-623.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 15, 1977.

Daintha Bailey Krieger, pro se.

J. M. Hopper, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for defendant.

## MEMORANDUM OPINION

NOEL, Senior District Judge.

This case is presently before the Court on Defendant's Motion for Summary Judgment. Plaintiff brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981–§ 1985, charging that defendant van line illegally refused her employment because she is a woman.

The issue before the Court is whether plaintiff filed this suit within the statutory time period of ninety (90) days after receiving notice of the right to sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendant contends suit was filed beyond the statutory limit, and the specific question raised by defendant's motion is whether, for purposes of the commencement date for calculation of the 90-day period, the plaintiff should be held to have received her suit letter on the date shown on the receipt for certified mail or some later date alleged to be the first date on which the letter was actually physically placed in her hands.

The EEOC mailed plaintiff's notice of right to sue letter to her on January 8, 1976, using the address given in her application for employment with the defendant and in her complaint and subsequent filings with this Court. The notice was received and signed for at that address by plaintiff's mother on January 9, 1976. Plaintiff asserts that she did not receive this letter from her mother until January 12. Suit was filed with this Court on April 12, 1976. Since the 90-day period is jurisdictional and mandatory on the Court, *Pacheco v. Phelps Dodge*, 531 F.2d 709 (5th Cir. 1976), plaintiff's Title VII claim must be dismissed if the 90-day period is deemed to have commenced on January 9, but would be timely if the period is deemed to have commenced on January 12.

Plaintiff relies on *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir. 1974)

and *Franks v. Bowman Transportation Company*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), as authority for the proposition that the filing period should not commence to run until the right to sue letter is actually physically placed in her hands.

The question before the court in *Plunkett, supra*, was whether the 90-day filing period begins to run from the date the Commission mails its letter giving notice or the date that letter is received by the plaintiff. The court opted for the date of receipt of notice as the proper date, saying that to hold otherwise "would unnecessarily penalize private litigants for mistakes in delivery and other delays in the mail." *Plunkett*, 504 F.2d at 419. The choice to be made here, however, is not between the date of mailing or date of receipt as the beginning of the filing term, but between the date of delivery to plaintiff's address as shown by the signed receipt for certified mail and some other date alleged by the plaintiff to be the date of actual receipt of the letter. The *Plunkett* case had little to say about the latter choice.

Much more helpful to the plaintiff's position is *Franks, supra*, in which the Fifth Circuit held that the statutory notification is complete only upon actual receipt of the suit letter. The Court was concerned in *Franks* with a situation in which a suit letter was received and signed for by the plaintiff's nine-year-old nephew, who promptly lost it. Franks never saw the letter personally and did not learn that the letter involved was his notice of right to sue until he contacted the EEOC about his complaint approximately a year later. Franks then filed a second charge with the EEOC, obtained another suit letter and filed in the District Court. That court held that the then 30-day filing period had begun to run when the first suit letter was received by Franks' nephew, and that consequently, Franks' suit was not timely. The Fifth Circuit rejected that position, finding instead that, under the circumstances, the plaintiff could not be said to have received statutory notification.

The question dealt with in *Franks* is not broad enough to warrant extending the holding therein to the instant situation. The court there refused to penalize a plaintiff who allowed the filing period to pass while completely unaware of his right to sue. That does not require a finding in favor of this plaintiff. Though the suit letter in this case was initially received by someone else, as in Franks, it was turned over to plaintiff without significant delay.

■ A rule that the 90-day period does not commence until a date alleged by the plaintiff to be that of actual receipt would result in the anomaly of a jurisdictional filing deadline being subject to extension at will by any plaintiff willing to testify that he did not actually receive his suit letter until some time after the date indicated by the only objective evidence available, namely, the receipt for certified mail signed at the time of delivery. Such a construction of the statute is completely unwarranted. Rule 4(d)(1) of the Federal Rules of Civil Procedure provides guidance for this situation. If the suit letter is left with and signed for by a person of suitable age and discretion who resides at plaintiff's dwelling, then the 90-day period begins to run from the date of receipt by that person, unless plaintiff received actual notice at such a late date as to prejudice plaintiff in trying to timely file suit.

■ Applying this rule to this case, it is apparent that the plaintiff has failed to comply with the statutory time requirements and defendant's Motion for Summary Judgment should be granted. Plaintiff asked that the EEOC send her a suit letter, so she was presumably expecting its arrival. The suit letter was properly delivered to plaintiff's dwelling which was the address plaintiff had given to the EEOC. The letter was received there and a receipt signed for by her mother, who promptly turned it over to plaintiff. There is nothing which indicates that the three-day delay was such a delay so as to prejudice plaintiff in preparing or commencing her suit. Therefore, the 90-day period began to run on January

9, 1976, and this suit was not filed until April 12, 1976, which was beyond the statutory 90-day time period. This Court, therefore, does not have jurisdiction of plaintiff's Title VII claim.

■ Relief is also sought under 42 U.S.C. § 1981–§ 1985 as well as § 2000e. Though the complaint is rather vaguely drawn, in view of plaintiff's pro se status, it should be examined carefully to see whether any claim is stated under these statutes. See *Franklin v. Zuber*, 56 F.R.D. 601 (S.D.New York, 1972).

The complaint is for discrimination in employment based on sex. In spite of recent expansions of the scope of 42 U.S.C. § 1981, see *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), there is as yet no indication that it applies to sex discrimination.

42 U.S.C. § 1982 is limited on its face to discrimination with respect to property rights, see *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1963), and is therefore not available to the plaintiff in this case. Facial limitations also take § 1983 out of the case, since that section is expressly concerned only with the deprivation of rights under color of state law. *La Bar v. Royer*, 528 F.2d 548 (5th Cir. 1976). Nowhere in the complaint is it suggested that state action is involved, nor does it appear likely that any such allegation could realistically be made.

With respect to § 1984, it is clear that plaintiff can derive no comfort from its provisions. This section relates to the appellate jurisdiction of the Supreme Court and provides that the Court may hear an appeal in cases arising under the Civil Rights Act without regard to the amount in controversy. That section does not give a district court jurisdiction. *O'dea v. Massachusetts Board of Education*, 393 F.Supp. 202 (D.Mass., 1975), *affirmed* 527 F.2d 642 (1st Cir. 1975).

The last of the statutes invoked by plaintiff is § 1985. That section is available to redress the deprivation of rights arising out of a private conspiracy, 42 U.S.C. § 1985(3), *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), and is not limited to cases involving racial discrimination. *McLellan v. Mississippi Power & Light*, 526 F.2d 870 (5th Cir. 1976). The complaint, however, contains none of the allegations required to state a cause of action under § 1985(3) as set out in *Griffin, supra.*

Plaintiff has lost her Title VII claim by her failure to comply with the filing deadline contained in § 2000e–5(f)(1). Further, plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1981–§ 1985. Therefore, there being no genuine issue as to any material fact and it appearing that the defendant is entitled to judgment as a matter of law, a Final Judgment of even date shall be entered granting Defendant's Motion for Summary Judgment and dismissing the complaint with prejudice. It should be noted that this order shall be without prejudice to any members of the class sought to be represented by plaintiff.

The Clerk shall file this Memorandum Opinion and send copies to the parties.