**Dr. Jacqueline S. HART**

v.

**UNIVERSITY OF TEXAS AT HOUSTON, M. D. Anderson Hospital and Tumor Institute, et al.**

Civ. A. No. H–79–915.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 10, 1979.

Bonham, Carrington & Fox, Eugene B. Wilshire, Jr., Houston, Tex., for plaintiff.

Iris J. Jones, Asst. Atty. Gen. of Texas, Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Presently pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint. Plaintiff has brought this lawsuit against the University of Texas at Houston, M. D. Anderson Hospital & Tumor Institute (hereinafter M. D. Anderson), its Board of Regents and a number of its directors and professors. Plaintiff seeks injunctive and declaratory relief as well as back pay and compensatory and punitive damages.

■ Defendants move to dismiss Plaintiff's cause of action based on 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted. Inasmuch as Plaintiff's complaint alleges sex discrimination in employment and not racial discrimination, § 1981 is not applicable. *See Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), *DeGraffenreid v. General Motors Assembly Division*, 558 F.2d 480 (8th Cir. 1977) and *Krieger v. Republic Van Lines of Southwest, Inc.*, 435 F.Supp. 335 (S.D.Tex.1977). Therefore, Defendants' motion to dismiss Plaintiff's § 1981 claim will be granted.

■ Defendants move to dismiss Plaintiff's § 1983 claim on the basis that these Defendants are not "1983 persons" and are thus not amenable to suit under that section. The question of 1983 personage is inextricably bound to the issue of whether any of the Defendants are entitled to Eleventh Amendment immunity and to what extent. The Eleventh Amendment bars suit in federal court at law and in equity against a state or state agency in its own name where the state has not given its consent to suit. *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The Eleventh Amendment also bars claims for money damages against state officials where the state is regarded as the real party in interest and any liability would have to be paid out of public funds. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) and *Jag-*

nandan v. Giles, 538 F.2d 1166 (5th Cir. 1976). In determining whether an action is really against the state, federal courts examine the power, characteristics, and relationships created by state law which concern the entity undergoing Eleventh Amendment analysis. *Hander v. San Jacinto Junior College,* 519 F.2d 273 (5th Cir.), *reh. den.* 522 F.2d 204 (5th Cir. 1975). Plaintiff apparently concedes that Defendant M. D. Anderson is an instrumentality of the State of Texas for Eleventh Amendment and 1983 purposes. A review of the applicable state statutes and cases convinces this Court that this is indeed the case. *See,* Tex.Educ.Code Ann., §§ 73.001 et seq., 65.02(a)(11), Tex.Rev.Civ.Stat.Ann., Art. 6252–26, *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976), *Mokry v. University of Texas Health Science Center at Dallas,* 529 S.W.2d 802 (Tex.Civ.App.—Dallas 1975, *writ ref'd. n. r. e.*). *See also, Henry v. Texas Tech University,* 466 F.Supp. 141 (N.D.Tex.1979).

Rather than argue that Defendant M. D. Anderson is not an arm of the state for Eleventh Amendment purposes Plaintiff contends that the language and logic of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) compel the conclusion that the states are 1983 persons and that Congress intended to override the state's Eleventh Amendment immunity in Section 1 of the Civil Rights Act of 1871. Justice Brennan has forcefully advanced just such an argument in *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). However, the majority of the Court in that case disagreed stating:

"[W]e simply are unwilling to believe on the basis of such slender 'evidence' that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States. We therefore conclude that neither the reasoning of *Monell* or of our Eleventh Amendment cases subsequent to *Edelman* nor the additional legislative history or arguments set forth in Mr. Justice Brennan's concurring opinion justifies a conclusion different from that which we reached in *Edelman.*" 99 S.Ct. at 1145.

*See also Alabama v. Pugh, supra.* On the basis of the foregoing, Plaintiff's 1983 claim is dismissed in its entirety against Defendants M. D. Anderson and the Board of Regents. Plaintiff's 1983 claim for money damages is dismissed against all of the Defendants in their official capacities.

■ Defendants move to dismiss Plaintiff's Title VII cause of action for failure to comply with the Texas Title VII deferral statute and because Defendant M. D. Anderson is not an employer as that term is defined in Title VII. In her complaint Plaintiff states that all conditions precedent to jurisdiction under Title VII have occurred or have been complied with. A formal charge of employment discrimination was filed with the EEOC within 180 days of the unlawful employment practice. A notification of the right to sue was received from the EEOC through the Justice Department of the United States on or about April 14, 1979. This complaint was filed within 90 days of the receipt of the notification of the right to sue. Plaintiff further states that neither the State of Texas nor the City of Houston has a law prohibiting the unlawful employment practices alleged herein.

In *White v. Dallas Independent School District,* 581 F.2d 556 (5th Cir. 1978), the Court held that Tex.Rev.Civ.Stat.Ann., Art. 6252–16 qualified as a state deferral statute under Title VII, 42 U.S.C. § 2000e–(5), which requires exhaustion of state remedies prior to the initiation in federal district court of a sex discrimination in employment action. In her reply to Defendants' motion to dismiss her Title VII action, Plaintiff states that she has indeed complied with Art. 6252–16. In that regard Plaintiff has attached as an exhibit a letter from the District Attorney's office in Harris County stating that her complaint would not be pursued as a criminal action. Defendants' motion to dismiss Plaintiff's Title VII cause of action is denied. The Court is of the opinion that the other reasons advanced by Defendants for dismissal of Plaintiff's complaint are without merit and will be denied.