**Eugene M. LONSDALE, Sr., Plaintiff,**

v.

**Roscoe L. EGGER, Jr.; R. C. Voskuil; Bernard Rosenstein; N. Jerold Cohen; Mark L. Puryear; Douglas R. Fortney; C. Moxley Featherston; William M. Fay; Cynthia H. Hall; and W. B. Riley, Defendants.**

Civ. A. No. CA–5–81–104.

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 26, 1981.

Eugene M. Lonsdale, Sr., pro se.

James A. Rolfe, U. S. Atty., Dallas, Tex., Roger L. McRoberts, Jr., Asst. U. S. Atty., Lubbock, Tex., Louise P. Hytken, Atty., Tax Division, U. S. Dept. of Justice, Dallas, Tex., for defendants.

## ORDER

WOODWARD, Chief Judge.

The court has before it defendants' motion to dismiss or in the alternative motion for summary judgment. The court has received and considered the motion and the briefs in support of and in opposition to said motion.

The plaintiff brought this cause of action on July 16, 1981, against various officials of the Treasury Department and the United States Tax Court, alleging a violation of his civil rights.[1] The defendants in their motion state that plaintiff's complaint fails to

state a case upon which relief may be granted because 1) his allegations do not establish a violation of plaintiff's constitutional rights, 2) the defendants are protected by absolute or qualified immunity from plaintiff's action, and 3) plaintiff is barred from bringing his cause of action by the doctrine of res judicata, as the United States Tax Court has passed on his constitutional claim.

To state a claim for violation of his civil rights, plaintiff must show that he was deprived of his rights guaranteed by the Constitution or laws of the United States. Plaintiff's *pro se* complaint must be liberally construed and should only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *DeWitt v. Pail*, 366 F.2d 682 (9th Cir. 1966). *See Franklin v. Zuber*, 56 F.R.D. 601 (S.D.N.Y.1972).

The plaintiff has alleged a violation by defendants of his rights under the Constitution and various acts of Congress including 42 U.S.C.A. §§ 1983, 1984, 1985, 1986, and 1994. Construing the plaintiff's pleadings liberally and taking his material allegations as true, this court finds that the plaintiff has not alleged a cognizable cause of action under the Constitution or under the Civil Rights Acts.

Plaintiff argues that the federal income tax system is unconstitutional, because compensation received in checks redeemable in federal reserve notes are not dollars or taxable legal tender. Such an argument is frivolous and is not one on which plaintiff can base a cause of action. *Mathes v. Commissioner*, 576 F.2d 70 (5th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979). Likewise, plaintiff's contention that the Internal Revenue Code violates the First, Fourth, Fifth, and Thirteenth Amendments because it enslaves taxpayers, is without merit. *See Porth v. Brodrick*, 214 F.2d 925 (10th Cir. 1954).

---

1. A decision was entered on May 20, 1981, by a United States Tax Court judge that plaintiff owes $1,356.00 and $2,413.00 in income taxes for the years 1976 and 1977, respectively. Plaintiff's appeal of this decision is pending before the Fifth Circuit Court of Appeals.

■ Plaintiff has not stated a claim on which relief may be granted under the various Civil Rights statutes, namely 42 U.S. C.A. §§ 1983, 1984, 1985, 1986, and 1994. Section 1983 provides for a right of action against anyone who, under color of state law, subjects a citizen to deprivation of constitutional rights. The statute provides no right of action for an alleged deprivation under color of federal law. *J. D. Pflaumer, Inc., v. U. S. Dep't of Justice*, 450 F.Supp. 1125, 1129 (E.D.Pa.1978). Plaintiff has sued various officials of the Treasury Department and the United States Tax Court, whose actions were taken pursuant to their federal authority, and has therefore failed to state a claim upon which relief may be granted under 42 U.S.C.A. § 1983.

With respect to § 1984, it is evident that plaintiff cannot invoke the jurisdiction of this court through its provisions. That section treats the appellate jurisdiction of the Supreme Court and provides that the Court may hear an appeal in a civil rights case without regard to the amount in controversy. *Krieger v. Republic Van Lines of the Southwest, Inc.*, 435 F.Supp. 335, 338 (S.D. Tex.1977), citing *O'dea v. Mass. Board of Education*, 393 F.Supp. 202 (D.Mass.1975), aff'd, 527 F.2d 642 (1st Cir. 1975).

■ Likewise, there is no cause of action upon which relief can be granted on the basis of 42 U.S.C. § 1985, as plaintiff did not allege the existence of any discernable class of which he is a member, and therefore showed no racial or otherwise class-based invidiously discriminatory animus, aimed at that individual merely because he is a member of a particular class. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1970), cited in *J. D. Pflaumer*, 450 F.Supp. at 1130. Having failed to state a claim under Section 1985, a fortiori plaintiff failed to state a claim under 42 U.S. C.A. § 1986. *Poirier v. Hodges*, 445 F.Supp. 838, 846–47 (M.D.Fla.1978), and cases cited therein. Section 1994 was promulgated to implement the Thirteenth Amendment, which abolished slavery in this country. See *U. S. v. Reynolds*, 235 U.S. 133, 35 S.Ct. 86, 59 L.Ed. 162 (1914). The plaintiff has in effect asserted that he and other taxpayers are held in peonage. Though it is possible to empathize with the plaintiff's dramatization of our country's economic problems, this court holds that the plaintiff has not stated a cause of action under Section 1994.

■ Having considered the immunity question, this court finds that the plaintiff has failed to state a case against· the tax court judges and the agency attorneys who participated directly in the plaintiff's trial in the United States Tax Court. The named Judges Featherston, Fay, and Hall, are not alleged to have performed any activities outside their official duties. Judges are absolutely immune as long as they perform judicial acts. *Butz v. Economou*, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872). The named agency attorneys, Puryear and Fortney, are absolutely immune insofar as each arranged for the presentation of evidence on the record during the course of the plaintiff's trial in the United States Tax Court. *Butz v. Economou*, 438 U.S. at 516–17, 98 S.Ct. at 2915–2916. The Supreme Court has also held that the agency official who makes the decision to move forward with an administrative proceeding is protected by absolute immunity. *Butz v. Economou, supra* at 516, 98 S.Ct. at 2915. As no such information is before the court in the present case, the court cannot speculate as to the possible absolute immunity of the remaining Internal Revenue Service employees.

Those remaining, Defendants Egger, Voskuil, and Rosenstein, would be cloaked with qualified immunity when acting within the sphere of their official responsibility. The plaintiff has set forth no allegations that the defendants acted with either malicious intent to deprive plaintiff of his constitutional rights or that defendants knew or should have known that the official action would result in a violation of plaintiff's clearly established constitutional rights. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), cited in *Clanton v. Orleans Parish School Board*, 649 F.2d

1084, 1100 (5th Cir. 1981). *See Stringer v. City of Chicago*, 464 F.Supp. 887, 890 n.3 (N.D.Ill.1979). In fact, the plaintiff has failed to allege any specific violations of constitutional rights by the Internal Revenue Service employees. The only defendants who have any first-hand knowledge or involvement in the plaintiff's suit before the tax court, now pending on appeal, are appeals officer Rosenstein and attorneys Puryear and Fortney. Further, the complaint contains a series of broad, unrelated, conclusory statements, unsupported by specific allegations of fact; and it contains no reference to the individual defendants other than in the title to the action. This court cannot validate complaints against public officials which literally express nothing except by way of conclusion. *Franklin v. Zuber*, 56 F.R.D. at 603, *citing Hess v. Petrillo*, 259 F.2d 735 (7th Cir. 1958). It is this court's conclusion that plaintiff has not presented to this court a claim upon which relief may be granted.

In the present case, giving the plaintiff leave to amend would serve no purpose, since the acts complained of could not constitute a claim for relief. *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979). The plaintiff's *pro se* complaint is hereby dismissed without leave to amend for failure to state a claim upon which relief may be granted. A judgment will be entered accordingly.