**Margaret D. LECOMPTE, Plaintiff,**

v.

**The UNIVERSITY OF HOUSTON SYSTEM, et al., Defendants.**

Civ. A. No. H–81–37.

United States District Court,
S. D. Texas,
Houston Division.

April 1, 1982.

Larry Watts, Houston, Tex., for plaintiff.

Iris J. Jones, Austin, Tex., for defendants.

MEMORANDUM AND ORDER:

STERLING, District Judge.

Pending before the Court is Defendants' motion to dismiss. Plaintiff brings this action seeking equitable and declaratory relief against the University of Houston System, its board of trustees and several of its officers for maintaining employment practices which discriminated against Plaintiff because of her sex. Plaintiff asserts jurisdiction based on 42 U.S.C. §§ 1981, 1983 and 2000e–5(f), and 28 U.S.C. §§ 2201 and 2202. Defendants move to dismiss because they are immune from suit under the Eleventh Amendment, because a cause of action for sex discrimination cannot be maintained under 42 U.S.C. § 1981, because Plaintiff did not file suit within 90 days after receipt of her right-to-sue letter from the EEOC, and because of limitations.

An action alleging sex discrimination cannot be maintained under 42 U.S.C. § 1981. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981). Plaintiff's claim under section 1981 must be DISMISSED.

A private person complaining of employment discrimination under Title VII of the Civil Rights Act must file her complaint in federal court within 90 days of receipt of her right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). If the complaint is not filed within 90 days, the suit is barred in federal court. *Crawford v. Western Electric Company, Inc.*, 614 F.2d 1300, 1307 (5th Cir. 1980). Plaintiff has submitted with her complaint a copy of the letter sent to her by the EEOC stating, "Notice of Right to Sue Within 90 Days." This notice is unambiguous, since the letter informs Plaintiff that her charge filed with the EEOC has been dismissed, and thus it is clear that the EEOC's processes had terminated. *Whitehead v. Reliance Insurance Co.*, 632 F.2d 452, 459 (5th Cir. 1980). The letter is dated August 29, 1980, and, even adding 3 days to this date, Rule 6(e), Fed.R. Civ.P., the 90 days was up on December 1, 1980. Plaintiff filed this action on January 7, 1981.

In *Zipes v. Trans World Airlines, Inc.*, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the filing of a charge of discrimination with the EEOC within 180 days after the alleged unlawful occurrence, as required by 42 U.S.C. § 2000e–5(e), is not a jurisdictional prerequisite to filing suit in federal court, but rather is in the nature of a statute of limitations, subject to waiver, estoppel, and equitable tolling. This case does not aid Plaintiff for two reasons. In *Zipes*, the Supreme Court found that the 180 day period for filing a charge appears in a part of the statute separate from the provision granting jurisdiction to the federal courts. By contrast, the 90 day period following a notice of a right to sue by the EEOC appears in the provision granting jurisdiction over such actions to the federal courts. 42 U.S.C. § 2000e–5(f). Also, Plaintiff's response does not argue waiver, estoppel, or equitable tolling. Plaintiff's claim under 42 U.S.C. § 2000e–5(f) must be DISMISSED.

The Eleventh Amendment bars suits for monetary relief against educational institutions that are so closely connected with the state as to be considered instrumentalities of the state even though such institutions may be "persons" within the ambit of 42 U.S.C. § 1983. *Gay Student Services v. Texas A & M University*, 612 F.2d 160, 163–65 (5th Cir.), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980); *Zentgraf v. Texas A & M University*, 492 F.Supp. 265, 271 (S.D.Tex.1980). This protection also extends to state offi-

cials where the state is regarded as the real party in interest and any liability would have to be paid out of public funds. *Quern v. Jordan,* 440 U.S. 332, 345 n.17, 99 S.Ct. 1139, 1147 n.17, 59 L.Ed.2d 358 (1979); *Hart v. University of Texas at Houston,* 474 F.Supp. 465, 466–67 (S.D.Tex.1979). A review of state statutes persuades the Court that any judgment against the University of Houston System, or against its board of trustees or its officers for actions done within the scope of their duties would be paid out of the state treasury. *See* Tex. Educ.Code Ann., § 111.01 *et seq.* (1972 and Supp.1982); Tex.Rev.Civ.Stat.Ann., art. 6252–26 (Supp.1982). The language of Tex. Educ.Code Ann., § 111.33, wherein the University of Houston is granted the power to sue and be sued in that name, is not sufficient to constitute a waiver of Eleventh Amendment immunity from suits for damages in federal court. *Florida Nursing Home Assn. v. Page,* 616 F.2d 1355, 1363 (5th Cir. 1980), *rev'd on other grounds sub nom., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

▮▮▮ The only monetary relief sought by Plaintiff is her claim for back pay. Even if this claim is viewed as one for equitable relief, it is nevertheless "retroactive" in nature and thus barred by the Eleventh Amendment if such an award would be paid out of public funds. *United Carolina Bank v. Board of Regents,* 665 F.2d 553, 561 (5th Cir. 1982); *Hander v. San Jacinto Junior College,* 519 F.2d 273, 278 (5th Cir. 1975). In her response, Plaintiff does not argue that the funds for such an award would come from a source other than the public funds which the University of Houston receives from the state. *See Jagnandan v. Giles,* 538 F.2d 1166, 1175 (5th Cir. 1976), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977). Plaintiff's claim for an award of back pay against the University of Houston System and against its board of trustees and officers acting in their official capacities must be DISMISSED. Of course, the Eleventh Amendment does not bar Plaintiff's claims

for declaratory and injunctive relief against state officials even though such relief may have an ancillary effect on the state treasury. *Quern v. Jordan, supra,* 440 U.S. at 337, 99 S.Ct. at 1143. Also, the Eleventh Amendment does not bar Plaintiff's claim for back pay against the members of the board of trustees and officers in their individual capacities. *Guerra v. Roma Independent School District,* 444 F.Supp. 812, 821 (S.D.Tex.1977).

▮▮▮ The limitations period for Plaintiff's claims is two years from the date of the injury which forms the basis of this action. *Drayden v. Needville Independent School District,* 642 F.2d 129, 132 (5th Cir. 1981). While the length of the limitations period is determined by reference to state law, the determination of when Plaintiff's cause of action accrued, i.e., the point in time when Plaintiff knew or reasonably should have known of the injury which she claims was caused by discriminatory animus, is a question of federal law. *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir. 1980). Plaintiff's claim is that she was denied promotion and tenure on August 13, 1979, and given a terminal one year contract. Even assuming that Plaintiff suffered a legally cognizable injury on August 13, 1979, this lawsuit was filed within two years of that date and is timely. The Fifth Circuit has held that in a case such as this one a plaintiff does not suffer a legally cognizable injury until the last day of her termination contract, because until that time she is still employed by the school and the injury is not complete. *Rubin v. O'Koren, supra* at 116. On this authority, Plaintiff's cause of action accrued on or about June 1, 1980, and this action is not barred by limitations.

It is, therefore,

ORDERED that Defendants' motion to dismiss is GRANTED in part, and Plaintiff's claims under 42 U.S.C. § 1981, 42 U.S.C. § 2000e–5(f), and for back pay against the University of Houston System and the other Defendants acting in their official capacities are DISMISSED. All other requested relief is DENIED.