### Lecil HANDER, Plaintiff-Appellee,

v.

### SAN JACINTO JUNIOR COLLEGE, et al., etc., Defendants-Appellants.

### No. 74–2279.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1975.

B. Jeff Crane, Jr., Francis E. McGovern, II, Houston, Tex., for defendants-appellants.

Larry Watts, Houston, Tex., Stephen J. Pollak, David Rubin, Washington, D. C., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion Sept. 12, 1975, 5 Cir., 1975, 519 F.2d 273).

Before BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

**PER CURIAM:**

For purposes of clarification we wish to explicate our earlier opinion in this case with respect to the jurisdiction of the district court.[1] The appellee Hander's complaint was premised on the First and Fourteenth Amendments and 42 U.S.C. § 1983 (1970).[2] The complaint also based jurisdiction on Rule 23 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 (1970). In an informal finding which is not questioned on appeal, the district court at least implicitly found jurisdiction under 28 U.S.C. § 1331 (1970).[3] We are of the opinion, and so hold, that jurisdiction in this case is proper under § 1331.[4]

There has been no dispute that the amount in controversy here has at all times exceeded $10,000, exclusive of interest and costs (appellee sought $100,-000 in his complaint). Further, in accordance with our holding in *Lansdale,*[5] there can be no doubt that this action "arises under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331(a)(1970). Moreover, as we have recently held,[6] the mere fact that § 1331

jurisdiction is not specifically alleged is not determinative. Appellee Hander, then, possesses the same jurisdictional status as teacher and administrator Roane in our recent case of *Roane v. Callisburg Independent School District,* 511 F.2d 633 (5th Cir. 1975), wherein we noted that *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and *Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), left open the possibility, fully exploited by us in several cases, of § 1331 jurisdiction and that, "Regardless of whether a school district is treated as a municipality or as a 'person', the record in this case indicates that the plaintiff Roane satisfied the jurisdictional requisites of § 1331," 511 F.2d at 635 n. 1 (citations omitted).

Thus, in accordance with the above discussion, we abide by our original determination that Texas junior college districts are "independent political subdivisions not immune from suit,"[7] for Eleventh Amendment purposes. Accordingly, *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1972), does not constitute a bar to this suit.

1. As a preliminary matter, we note that, although appellants had argued in the district court that § 1983 jurisdiction was lacking, this matter was not presented in their briefs on appeal. In their post-argument memorandum and in their petition for rehearing, appellants still have not specifically focused on the jurisdictional question, preferring instead to contend that there has been no constitutional violation because, it is argued, appellee has no right to choose a method of grooming, but is bound by the rules of the college.

Nonetheless, we detail our jurisdictional holding herein because it is the determinative issue. Appellant would have us rehash our conclusion in *Lansdale v. Tyler Junior College,* 470 F.2d 659 (5th Cir. 1972) (en banc), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2268, 36 L.Ed.2d 964 (1973), that freedom to choose a grooming style at the college level can rise to constitutional proportions. This we refuse to do. Thus, we have encountered no difficulty in determining that appellee possesses a valid claim for relief which arises under the United States Constitution, as we held in *Lansdale.*

2. Appendix at 4–10.

3. Appendix at 83–84; Brief of Appellee at 4 n. 3.

4. 28 U.S.C. § 1331 (1970) (general federal question jurisdiction). This holding thus obviates any potential problems which might arise, were jurisdiction based solely on section 1983 and 28 U.S.C. § 1343 (1970), because of *Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). In *Kenosha* the Supreme Court held that a municipality was not a "person" for purposes of sections 1983 and 1343. *See also Sterzing v. Fort Bend Ind. School Dist.,* 496 F.2d 92, 93 n. 2 (5th Cir. 1974). Since in this case jurisdiction exists under section 1331, we pretermit an extensive discussion of *Kenosha, see, e. g., Mitchell v. West Feliciana Parish School Board,* 507 F.2d 662, 666–67 & n. 9 (5th Cir. 1975).

5. *See* note 1 *supra.*

6. *Kelly v. West Baton Rouge Parish School Board,* 517 F.2d 194 at p. 197 (5th Cir. 1975) ("Federal jurisdiction under 28 U.S.C. § 1331 may also be invoked though that section is not relied on in the complaint.") (citations omitted).

7. *Hander v. San Jacinto Junior College,* 519 F.2d 273 at 279 (5th Cir. 1975).

■ Therefore, we hold that jurisdiction exists under § 1331 and that the "non-person" rule of *Kenosha* is not controlling. With this clarification, our earlier opinion is in all respects affirmed.

The petition for rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.