578 F.2d 1167
 George R. THURSTON, Individually, and on behalf of all
others similarly situated, Plaintiff-Appellee,
v.
Joseph C. DEKLE, as Chairman, Civil Service Board,
Jacksonville, Florida, et al., Defendants-Appellants.
 No. 74-4200.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 28, 1978.
 
 Wm. Lee Allen, Asst. Counsel, Harry L. Shorstein, Gen. Counsel, Jacksonville, Fla., for defendants-appellants.
 Robert L. Shevin, Atty. Gen., James D. Whisenand, Asst. Atty. Gen., Tallahassee, Fla., amicus curiae.
 Paul C. Doyle, Duval Cty. Legal Aid Assoc., Carolyn S. Zisser, Jacksonville, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 On Remand from the Supreme Court of the United States.
 Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 In its mandate of June 26, 1978, the Supreme Court (436 U.S. ----, 98 S.Ct. 3118, 57 L.Ed.2d 1144) vacated this court's judgment of May 20, 1976, (531 F.2d 1264) and remanded the cause to this court for further consideration in light of Monell v. Department of Social Services of City of New York, 436 U.S. ----, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
 
 
 2
 After the directed further consideration by this court, we delete the sections of our May 20, 1976, opinion designated "I. Subject Matter Jurisdiction" and "II. Standing," which reversed the district court's award of back pay to class members and held that though Thurston now lacked standing, we would reach the merits of the suspension and dismissal rules of the municipality. We substitute the following matter in place of the deleted sections:
 
 I. Subject Matter Jurisdiction
 
 3
 Thurston rests jurisdiction for this action upon 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. The City of Jacksonville claims this suit is, in reality, a suit against the city; that the jurisdictional grant included in42 U.S.C. § 1983 is limited to suits against "persons"; that municipalities are not persons; and therefore, suits against municipalities are not allowed under § 1983. The legal principles upon which the city's claim was based have been substantially altered by the Supreme Court's ruling in Monell v. Department of Social Services of City of New York, 436 U.S. ----, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). That case overruled Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held:
 
 
 4
 Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.
 
 
 5
 (However) . . . a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.
 
 
 6
 436 U.S. at ---- - ----, 98 S.Ct. at 2035.
 
 
 7
 Because the district court did not have the benefit of Monell when it acted, we vacate its award of back pay to class members and remand this issue for further consideration in light of Monell.
 
 II. Standing
 
 8
 To the extent that the district court may determine that Thurston's suit was directly maintainable against the city or its officials, Thurston clearly had standing to bring this action. However, even if it is determined that standing was legally lacking, the purposes of that legal theory were fulfilled by the presence of an adversary context which remained concrete throughout the entire proceedings. Even though standing were to be subsequently determined not to exist because of a change in law, this court should now reach the merits. We also delete the first sentence of the final paragraph of our judgment and substitute therefor the following sentence:
 
 
 9
 The order of the lower court concerning the payment of back pay is VACATED and this portion of the cause is remanded for further consideration.
 
 
 10
 Vacated and Remanded.