**Patsy GOSS, Plaintiff-Appellee,**

v.

**SAN JACINTO JUNIOR COLLEGE, etc.,
et al., Defendants-Appellants.**

No. 76–3723.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1979.

Rehearing Granted April 13, 1979.

B. Jeff Crane, Jr., Houston, Tex., Stanley D. Baskin, Pasadena, Tex., for defendants-appellants.

Larry Watts, Houston, Tex., David Rubin, Ellen Faith Hanna, Stephen J. Pollak, Richard M. Sharp, Washington, D. C., for plaintiff-appellee.

Before INGRAHAM, GEE and FAY, Circuit Judges.

INGRAHAM, Circuit Judge:

This case arose out of the non-renewal of the teaching contract of an untenured public junior college instructor. Mrs. Patsy Goss brought suit against San Jacinto Junior College, the Board of Regents, certain administrators and faculty members, and the President, Dr. Thomas Spencer, in his individual capacity, alleging that she was denied renewal of her contract in retaliation for her exercise of First Amendment rights. A jury verdict was rendered and judgment entered in favor of Mrs. Goss and against the junior college and its president. Mrs. Goss was awarded $23,400 in back pay. Finding that the appellants' jurisdictional, constitutional, and evidentiary arguments are without merit, we affirm the entry of judgment.

Mrs. Goss was hired by San Jacinto Junior College in 1966 as an untenured history instructor. She had earned a bachelor of arts degree from Texas Christian University and a master of arts degree from the University of Texas. She was then enrolled in a doctoral degree program at the University of Houston. Her contract with San Jacinto Junior College was renewed annually for six years.

During those six years, Mrs. Goss participated in the formation of a local chapter of the National Faculty Association, the college division affiliate of the National Education Association, and initiated efforts to organize a local chapter of the Texas Junior College Teachers Association. She also campaigned on behalf of her husband, Dr. Allen Goss, in his bid for a seat on the San Jacinto Junior College Board of Regents.

On April 5, 1972, Mrs. Goss was advised in writing by Dr. Spencer that the Board of Regents had voted not to renew her teaching contract for the coming academic year, because of declining enrollment and the poor evaluation of her work. A hearing was convened by the Board of Regents at Mrs. Goss' request, after which the Board affirmed its decision.

Mrs. Goss filed a complaint on November 22, 1972, alleging that the non-renewal of her teaching contract was in retaliation for her exercise of First Amendment rights in violation of 42 U.S.C. § 1983 (1970). San Jacinto Junior College reinstated Mrs. Goss in the fall of 1974. The action proceeded to a trial by jury in the summer of 1976. The jury found that Mrs. Goss' contract had not been renewed for the 1972–73 and 1973–74 academic years because of her involvement in teacher associations and/or the Board of Regents election. She was awarded $23,400 in compensatory damages for lost employment.

Appellants contend that the district court lacked subject matter jurisdiction under both 28 U.S.C. § 1331 (1970) and 28 U.S.C. § 1343 (1970).

Appellants first argue that the amount in controversy is insufficient to support federal question jurisdiction under § 1331(a). Mrs. Goss sought $40,000 in compensatory damages in her complaint. The test of the sufficiency of a pleading for jurisdictional amount is well-established:

> [T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.

*Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 276, 97 S.Ct. 568, 570, 50 L.Ed.2d 471 (1978), quoting *St. Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, appellants' assertion of defenses to the amount claimed will not destroy federal question jurisdiction. *Anderson v. Moorer,* 372 F.2d 747, 750 (5th Cir. 1967). Since Mrs. Goss sought reinstatement to a position with an annual salary in excess of $10,000, it was far from a "legal certainty" at the time the complaint was filed that Mrs. Goss would not have been entitled to

more than $10,000.[1]  Jurisdiction was proper under § 1331.[2]

■ Alternatively, jurisdiction was proper under 28 U.S.C. § 1343 (1970).  Appellants argue that San Jacinto Junior College is not a "person" under 42 U.S.C. § 1983 (1970), and that, therefore, jurisdiction is lacking under § 1343.[3]  The recent Supreme Court decision in *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), held that local government entities and local independent school boards are "persons" for purposes of § 1983.  *Id.* at 690, 98 S.Ct. 2018.  Such persons are not entitled to an immunity defense "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. at 2038.

Although the district court did not have the benefit of *Monell,* the court's jury instructions comport with the reasoning of *Monell.*  After charging the jury that a "ban on the right of teachers to express political opinions and engage in political activities is inconsistent with the First Amendment," the court stated that "[t]he execution of any such policy or practice through a denial for reemployment . . would be prohibited."  In answers to interrogatories, the jury found that the Board of Regents voted not to renew Mrs. Goss' teaching contract on the recommendation of Dr. Spencer, because of Mrs. Goss' constitutionally protected activity.  As President of

the Junior College, Dr. Spencer is surely one "whose edicts or acts may fairly be said to represent official policy."  Since the requirements of *Monell* were satisfied by the court's instructions and the jury findings, no purpose would be served by remanding the case for reconsideration.  *Cf. Thurston v. Dekle,* 578 F.2d 1167 (5th Cir. 1978); *Zoll v. Eastern Allamakee Community School District,* 8th Cir. 1978, 588 F.2d 246.

■ Appellants argue that even if the district court had jurisdiction, the Eleventh Amendment bars the award of damages against San Jacinto Junior College under *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1972).  *Edelman* held that while states and state officials are protected by the Eleventh Amendment, mere "political subdivisions" of the state do not enjoy Eleventh Amendment immunity.  415 U.S. at 667 n. 12, 94 S.Ct. 1347.  *Accord, Moor v. County of Alameda,* 411 U.S. 693, 717–721, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).  The issue here is whether San Jacinto Junior College is to be treated as an arm of the state or a "political subdivision."  The nature of the entity under state law guides our decision.  *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. at 280, 97 S.Ct. 572.[4]  Addressing the same issue in *Hander v. San Jacinto Junior College,* 519 F.2d 273, *aff'd per curiam on rehearing,* 522 F.2d 204 (5th Cir. 1975), we held that San Jacinto Junior College is an independent "political subdivision" as a matter of Texas statutory and common

1.  Mrs. Goss' salary for the 1971–72 academic year was $10,985.  She presented testimony at trial that her salary at San Jacinto Junior College would have been $11,100 in 1972–73 and $11,917 in 1973–74.

2.  Appellants have chosen not to argue the propriety of asserting a direct constitutional cause of action under 28 U.S.C. § 1331 (1970).  On a number of occasions, we have held that § 1331 confers jurisdiction over actions brought to vindicate First and Fourteenth Amendment rights.  *See e. g., Roane v. Callisburg Independent School Dist.,* 511 F.2d 633, 635 n. 1 (5th Cir. 1975); *Hander v. San Jacinto Junior College,* 522 F.2d 204, 205 (5th Cir. 1975); *Reeves v. City of Jackson, Miss.,* 532 F.2d 491, 495 (5th

Cir. 1976); *Stapp v. Avoyelles Parish School Board,* 545 F.2d 527, 531 n. 7 (5th Cir. 1977).

3.  Even if appellants were to prevail on this argument, the district court would have had § 1343 jurisdiction over Dr. Spencer.  *See Sterzing v. Ft. Bend Independent School District,* 496 F.2d 92, 93 n. 2 (5th Cir. 1974).

4.  Looking to the powers conferred upon the Board of Education by Ohio statutes, the Supreme Court held in *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1978), that a "local school board such as petitioner is more like a county or city than it is like an arm of the State."  *Id.* at 280, 97 S.Ct. at 572.

law.[5] *Hander* leaves no doubt that this appellant has no Eleventh Amendment immunity. *See Morrow v. Dillard,* 5th Cir. 1978, 580 F.2d 1284.

Appellants' final argument is that the evidence is insufficient to support the jury verdict. Under *Mt. Healthy,* the jury was required to make two findings: (1) that the teacher's protected First Amendment conduct was "a 'substantial factor' or to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire;" and (2) that the Board would not have terminated Mrs. Goss "in the absence of the protected conduct." 429 U.S. at 287, 97 S.Ct. at 576; *Hastings v. Bonner,* 5th Cir. 1978, 578 F.2d 136.[6]

Although the district court did not have the benefit of *Mt. Healthy,* the interrogatories put to the jury met the requirements of this recent decision. Interrogatory No. 1 asked if Mrs. Goss' contract had not been renewed "because of her political and/or professional activities." Interrogatory No. 3 asked if the non-renewal of Mrs. Goss' contract "was caused by matters other than Mrs. Goss' political and/or professional activities."

■ There was ample evidence to support the jury finding that Mrs. Goss had not been rehired "because of her political and/or professional activities." Dr. Spencer testified that, when Mrs. Goss sought to organize a local chapter of the National Faculty Association, he distributed by campus mail a faculty newsletter expressing his concern about the organization, while denying proponents of the National Faculty Association the privilege of distributing literature by campus mail. Mrs. Goss testified that, after her husband had filed a petition to run for a seat on the Board of Regents, Dr. Carl Burney, Chairman of the Division of Social and Behavioral Sciences, advised her to have her husband withdraw from the election. In deposition testimony, Dr. O. W. Marcom, Academic Dean, stated that, when Mrs. Goss presided at an organizational meeting of a local chapter of the Texas Junior College Teachers Association in the spring of 1971, he attended and voiced his objection to the group. Dr. Spencer himself testified by deposition that he had recommended the non-renewal of Mrs. Goss' contract to discipline her for "creating or trying to create ill will or lack of cooperation . . . with the administration."

There was sufficient evidence to support the jury finding that "matters other than Mrs. Goss' political and/or professional activities" were not responsible for the Board of Regents' action. Appellants justified the non-renewal of Mrs. Goss' contract on the grounds that declining enrollment necessitated a staff reduction and that Mrs. Goss received a poor evaluation from Dr. Edwin Lehr, Chairman of the History Department, and Dr. Burney. Although Dr. Spencer had recommended a reduction of three faculty members in the History Department, Mrs. Goss was one of four faculty members in the History Department in 1971–72 who did not teach at San Jacinto Junior College in 1972–73.[7]

Furthermore, Dr. Lehr's evaluation of Mrs. Goss, upon which Dr. Spencer alleged-

---

**5.** Turning to the Texas Education Code in *Hander v. San Jacinto Junior College,* 519 F.2d 273, *aff'd per curiam on rehearing,* 522 F.2d 204 (5th Cir. 1975), we observed that the creation of a public junior college begins with local initiative, Tex.Educ.Code §§ 130.033(b), 130.037, that the board of regents are elected by the local voters, Tex.Educ.Code §§ 130.041, 130.042, 130.082, and are empowered to issue revenue bonds and levy ad valorem taxes, Tex. Educ.Code § 130.122, and that authority not vested in the statewide "coordinating board" is reserved in each public junior college, Tex. Educ.Code § 130.002. 519 F.2d at 279.

**6.** Mrs. Goss had the burden to prove that her First Amendment activity was a "substantial factor" in the Board's non-renewal of her teaching contract. After that burden was carried, the burden of proof shifted to San Jacinto Junior College and Dr. Spencer to establish that Mrs. Goss would have been terminated "in the absence of the protected conduct." *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. at 287, 97 S.Ct. at 576.

**7.** Dr. Spencer knew that Mr. James Hall had planned to take a leave of absence in the 1972–73 academic year. Nonetheless, he recommended the discharges of Mrs. Goss and two other teachers in the History Department, Mrs. Diane Prince and Mr. Glenn Walls.

ly relied in making his recommendation to the Board of Regents, was inconsistent with the objective criteria established for the rating. The criteria by which the teachers were rated include the number of years of teaching at San Jacinto Junior College, enrollment in a doctoral program, the number of doctoral level courses completed, the percentage of the teacher's students earning credits, and other factors. Mrs. Goss was not awarded five points to which she was entitled on the objective scale for academic courses she had taken while employed as an instructor. Thus, she was assigned eighty points, rather than eighty-five. If she had been awarded the points to which she was entitled, she would have ranked in the middle of the seventeen history instructors rather than in the bottom three.

We hold that the evidence does not "point so strongly and overwhelmingly in favor of [the appellants] that . . . reasonable men could not arrive at a contrary verdict." *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir. 1969).

Although the appellants argued in their brief and at oral argument against the award of attorney's fees, the issue is not before the court. Attorney's fees were not awarded by the district court. Mrs. Goss' counsel neither sought attorney's fees at the close of the trial nor filed notice of cross-appeal to preserve the issue.

The district court had jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §§ 1331 and 1343 (1970). San Jacinto Junior College is not immune from damages under the Eleventh Amendment. There is sufficient evidence to support the jury findings that the Board of Regents discharged Mrs. Goss because of her First Amendment activity rather than the quality of her teaching or the enrollment at the junior college. Accordingly, we affirm the district court's entry of judgment.

AFFIRMED.