

# The Attorney General of Texas

April 9, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Coordinating Board
Texas College & University System
Austin, Texas 78711

Opinion No. MW-165

Re: Classification of faculty members at Odessa College.

Dear Mr. Ashworth:

You ask whether full-time teaching faculty of Odessa College are to be considered classified, administrative, or professional staff members for purposes of article 6252-8a, V.T.C.S.

Article 6252-8a, V.T.C.S., provides that upon the death of a state employee, the state shall pay his estate for all the employee's accumulated vacation leave and for one-half his accumulated sick leave. "Employee" is defined to <u>exclude</u>

> Sec. 1. . . . any person who is covered by the Teacher Retirement System of Texas, <u>except</u> . . . classified, administrative, and professional staff members employed by a State institution of higher education who have accumulated vacation or sick leave, or both, during such employment.

(Emphasis added). Thus, the "classified, administrative, and professional" language is operative only to save persons otherwise eligible for article 6252-8a, V.T.C.S., benefits as state employees from being excluded because of their membership in the Teacher Retirement System of Texas. It does not make eligible all classified, administrative and professional staff people employed in those capacities by institutions of higher education.

No person employed by Odessa College, a public Junior College, comes within article 6252-8a, V.T.C.S., because that statute applies only to "any appointed officer or employee <u>in a department of the State</u>" not otherwise excluded. Such persons are employed by the junior college district, not the state. Educ. Code SS 130.001, et seq; <u>Shepherd v. San Jacinto Junior College Dist.</u>, 363 S.W.2d 742 (Tex. 1963); Attorney General Opinion M-707 (1970). <u>See Goss v. San Jacinto Junior College</u>, 588 F.2d 96 (5th Cir. 1979); <u>Hander v. San Jacinto Junior College</u>, 519 F.2d 273, <u>aff'd per curiam on rehearing,</u> 522 F.2d 204 (5th Cir. 1975). <u>Cf. Hart v. University of Texas at Houston</u>, 474

F. Supp. 465 (S. D. Tex. 1979); Henry v. Texas Tech University, 466 F. Supp. 141 (N.D. Tex. 1979).   Thus, whatever distinction the statute might make between "classified, administrative, and professional" staff members and others is of no consequence here. It is unnecessary, therefore, that we determine in this opinion whether that grouping would include faculty members employed by the college. Cf. Attorney General Opinion H-829 (1976).

## SUMMARY

Article 6252-8a, V.T.C.S., does not apply to persons employed by Odessa College.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood