734 F.2d 243
 17 Ed. Law Rep. 765
 Amanda SOLIS, Constancia Pena, Maria Enriqueta Garcia, and
Maria Nela Sanchez, Plaintiffs-Appellees,
v.
RIO GRANDE CITY INDEPENDENT SCHOOL, a political subdivision
of the State of Texas, et al., Defendants-Appellants.
 No. 82-2370.
 United States Court of Appeals,
Fifth Circuit.
 June 18, 1984.
 
 Roger Reed, Rio Grande City, Tex., for defendants-appellants.
 Ramon Garcia, Edinburg, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before BROWN, THORNBERRY and TATE, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 Ever conscious of our role in the judicial system, this Court is particularly chary of disturbing a jury verdict rendered after a full trial. Nevertheless, after careful consideration of the arguments of the parties and the record, we conclude that certain errors below require that this appeal be remanded for a new trial. The jury answered the first question of the Mt. Healthy two-prong test in favor of the plaintiffs. That determination is supported by the evidence as to three of the four defendants. However, the District Court failed to submit the second Mt. Healthy question to the jury, an omission which was not cured by the Court's instructions. Thus, we reverse the judgment against the remaining defendants and remand for a new trial.Statement of the Case
 
 
 2
 Four south Texas schoolteachers--Amanda Solis, Constancia Pena, Maria Enriqueta Garcia, and Maria Nela Sanchez--brought suit under 42 U.S.C. Sec. 1983 for the asserted infringement of their First and Fourteenth Amendment rights. The Rio Grande City Independent School District did not hire them as teachers for the 1980 summer school term. The plaintiffs asserted that four trustees--defendants Francis T. Howard, Juan J. Mills, Noel Gonzalez, and Ricardo Reyes--constituting a majority of the school board, decided not to hire the plaintiffs because the plaintiffs supported candidates who ran against Mills and Gonzalez in the April 1980 school board election.
 
 
 3
 At trial, the defendants moved for directed verdict at the close of the plaintiffs' evidence and after all the evidence. The Trial Judge denied the motions and submitted the case to the jury under F.R.Civ.P. 49(a).[1] The jury found that a substantial and motivating factor in the trustees' hiring decision was the political activities of the plaintiffs. It awarded the plaintiffs damages of $5900 for their lost wages and $100,000 for violation of their constitutional and legal rights and "humiliation, embarassment and concern." The defendants moved for judgment n.o.v. and a new trial, which the Court denied. They timely appealed.
 
 Legal Standard
 
 4
 In Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the Supreme Court set out guidelines for resolution of First Amendment claims by public employees challenging employment decisions. There, an untenured teacher claimed that the school district discharged him for releasing the contents of a school memorandum to a local radio station. In vacating the judgment and remanding the appeal, the High Court held that initially the burden was on the discharged teacher to show (a) that his conduct was constitutionally protected and (b) that "this conduct was a 'substantial factor'--or to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire him." Id. at 287, 97 S.Ct. at 576. The Court went on to state a second element:
 
 
 5
 Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.
 
 
 6
 Id. (footnote omitted).
 
 
 7
 As the parties agree, it is this concise two-step test-- whether the constitutionally protected activity was a substantial or motivating factor in the challenged decision and whether the defendant would have made the same decision even without that activity--by which the plaintiffs' claims must be adjudged.
 
 
 8
 A Substantial or Motivating Factor?
 
 
 9
 The defendants do not dispute that the campaigning activities of the plaintiffs were a form of political expression protected under the First Amendment. Instead, they argue, first, that there is no evidence, or legally insufficient evidence, to support the jury's "Yes" answer to whether the plaintiffs' campaigning was a substantial or motivating factor in the defendants' decision not to hire them for the 1980 summer term. See supra note 1.[2]
 
 
 10
 Of course, in determining whether the Trial Judge erred in denying the defendants' motions for directed verdict and j.n.o.v., we view all the evidence in the light and with all reasonable inferences most favorable to the plaintiffs. If substantial evidence supports the verdict--that is, if reasonable and fair-minded jurors in the exercise of impartial judgment could reach differing conclusions from the evidence--we defer to the jury as fact-finder. See Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir.1969) (en banc).
 
 
 11
 The plaintiffs testified that their support of the school board candidates opposing Mills and Gonzalez was open and well-known in the small community of Rio Grande City. They attended political rallies for the candidates, put the candidates' bumper stickers on their cars, and generally spread the word about the candidates. Plaintiffs Solis and Sanchez were related to two then-incumbent school board trustees (who did not vote in the summer hiring meeting and are not defendants) who also actively supported the opposition candidates. Pena was the wife of one of those candidates. Garcia and her husband actively supported the two candidates and hosted a reception for them during the election campaign.
 
 
 12
 The defendants admitted that all of the plaintiffs were qualified for the six-week summer teaching jobs. Solis, Sanchez, Pena, and Garcia had already worked 5, 10, 8, and 3 summer terms (respectively) before the summer of 1980. Pena and Sanchez together had over forty years of teaching experience. The policy manual for the school board provided that the trustees would select employees upon the nomination and recommendation of the superintendent of schools. That year there were many more applicants for summer employment than openings. Each of the plaintiffs was recommended by the superintendent for a summer position. None were chosen for employment. Further, the plaintiffs were replaced by teachers with less teaching experience. Lastly, there was evidence that, at the first meeting of the school board after the April 1980 election, Garcia's husband was demoted in responsibility in his job with the School District.
 
 
 13
 It was also not disputed that trustees Mills and Gonzalez had run against, and beaten, the candidates supported by the plaintiffs in the April 1980 school board election. Moreover, Howard, then already a trustee, fully supported Mills and Gonzalez in their campaign bids, even having sponsored a reception for them before the election.
 
 
 14
 This evidence sufficiently supports the jury's conclusion that a substantial or motivating factor in the summer hiring decisions of Mills, Gonzalez, and Howard was the plaintiffs' support for the opposition candidates. The Trial Judge properly refused to direct a verdict or grant j.n.o.v. as to these defendants.[3]
 
 
 15
 However, no witness testified that Reyes was ever at any campaign function for Mills or Gonzalez. In fact, Reyes said that as a state employee he was prohibited by law from attending such events. Further, he testified that he voted for the candidates which had opposed Mills and Gonzalez in the school board election. Recognizing this, the Trial Judge expressed substantial doubts about the adequacy of the evidence supporting Reyes' asserted improper motive. Counsel for the plaintiffs even conceded in his closing argument that the evidence had not implicated Reyes, and asked for verdicts only against the other three defendant trustees.
 
 
 16
 We find that the jury could not rationally have found that the plaintiffs' political activities had a substantial effect on Reyes' decision. The District Court should have directed a verdict or granted j.n.o.v. in his favor. As to him, we reverse that Court's entry of judgment.
 
 
 17
 An Alternative Reason for the Hiring Decision?
 
 
 18
 The defendants next argue the jury was not allowed to determine issue of Mt. Healthy --whether the defendants would have reached the same hiring decision even had the plaintiffs not campaigned for the opposition candidates. At trial, Mills, Gonzalez, and Howard testified that their hiring decisions resulted mainly from a hesitation to risk violating state nepotism laws by hiring relatives of current trustees. They also stated that they wanted to offer the summer teaching positions to the best-qualified teachers, to those that had not previously taught in the summer terms, and to teachers in financial need. They say the Trial Court wholly failed to submit an interrogatory on this question of fact, and the jury thus never made a determination on it as it should have. Because of this, they assert, the Court committed reversible error under Mt. Healthy and Rule 49(a). We agree.[4]
 
 
 19
 Rule 49(a) allows special verdicts at the discretion of the trial court. That court also has discretion over the nature and scope of the issues submitted, a discretion reviewable only for abuse. Bryan v. Cargill, Inc., 723 F.2d 1202, 1204 (5th Cir.1984). However, under that rule a district judge must submit all material issues raised by the pleadings and the evidence. Id.; Harville v. Anchor-Wate Co., 663 F.2d 598, 602 (5th Cir.1981); Simien v. S.S. Kresge Co., 566 F.2d 551, 555 (5th Cir.1978).
 
 
 20
 As indicated in note 1, supra, the District Court failed to submit to the jury an interrogatory specifically addressed to issue of the Mt. Healthy test. On the assumption that the jury might determine that plaintiffs had established the substantial or motivating factor element, the defendants were entitled to have a determination that they would not have hired the plaintiffs even absent the plaintiffs' politics. This factual determination was clearly a material fact issue raised by the pleadings and the evidence which the Trial Court was required to submit to the jury. Indeed, had the defendants not requested an interrogatory on this issue, Rule 49(a) would have permitted the Trial Judge to make or presume a favorable finding.[5]
 
 
 21
 The Trial Court attempted to orally explain and clarify the special questions it put to the jury. It instructed the jury to answer "no" to interrogatory No. 1 if the defendants would not have hired the plaintiffs "anyway," even though their political activities were a substantial and motivating factor in the hiring decisions. The plaintiffs now contend that the incomplete verdict form was rendered harmless by these oral instructions. They point to Bueno v. City of Donna, 714 F.2d 484 (5th Cir.1983), and Goss v. San Jacinto Junior College, 588 F.2d 96 (5th Cir.1979), to support their argument.
 
 
 22
 In Bueno, the jury was required to specially find whether the plaintiffs (who had supported the losing city council candidates) were dismissed or forced to resign from their city public works jobs "because of their political participation in the city election." 714 F.2d at 491 & n. 7 (emphasis added). In its oral instructions, the district court further emphasized the "because of" causal relation required by that interrogatory. Together, the interrogatory and instructions "foreclosed any other motivating factor than the illegal one." Id. at 491. For the plaintiffs to prevail, in effect, the jury had to find that "the improper motive was the sole reason for the discharge." Ibid. (original emphasis). We held,
 
 
 23
 Once the jury returned its verdict that the employees were fired 'because of' their political activities, any argument by the defendants that the employees were terminated because of inadequate job performance was necessarily rejected.
 
 
 24
 Ibid. Since the jury found that the stricter burden of the district court's interrogatory had been met, we held that the court's error in not submitting a separate interrogatory was harmless.
 
 
 25
 Goss was tried before the Supreme Court issued its opinion in Mt. Healthy. The district court submitted two interrogatories to the jury. The first asked whether plaintiff Goss' contract (as an untenured public junior college instructor) had not been renewed "because of her political and/or professional activities." Second, the jury had to decide whether the non-renewal "was caused by matters other than Mrs. Goss' political and/or professional activities." 588 F.2d at 99. We held that these two issues adequately paralleled those in Mt. Healthy and affirmed the verdict.
 
 
 26
 Here, the Trial Judge submitted no special question which under any reading could encompass the second inquiry of Mt. Healthy or permit a definitive answer on that question by the jury. Interrogatory No. 1 properly asked--and only asked--whether "the political activities of any of the plaintiffs was a substantial and motivating factor" in the defendant trustees' decision not to hire them. It did not ask, as in Bueno, whether the plaintiffs were not hired "because of" their political activities. Neither did it inquire, as in Goss, whether "matters other than [the plaintiffs'] political ... activities" had caused their not being hired. Not asked, those questions clearly were not answered by the jury.
 
 
 27
 The Court's instruction to answer its single specific inquiry "no" if the jury found the plaintiffs would not have been hired anyway cannot transform the jury's verdict into a resolution of both Mt. Healthy elements and . When objection is made--as it was here--to the form of special interrogatories, Rule 49(a) is not satisfied by the answer that "X was a substantial and motivating factor in Y decision," when the question is further "whether Y decision would have been made for A or B or any other reason anyway." The verdict was simply inadequate.[6]
 
 
 28
 In short, the Trial Judge simply failed to submit one of the two questions of fact on which the defendants' liability would be based. As we have said, "the proper Mt. Healthy charge ... is succinct and clear." Bueno v. City of Donna, 714 F.2d 484, 497 (5th Cir.1983) (Rubin, J., specially concurring). It should be given. We reverse the Court's judgment as to the remaining defendants. On remand, because factors and of Mt. Healthy are inseparably intertwined, both should be retried.[7]
 
 
 29
 Excessive Damages?
 
 
 30
 The defendants argue lastly that the $25,000 in damages the jury awarded to each plaintiff for violation of her "constitutional and legal rights, humiliation, embarrassment and concern" is excessive. They moved for j.n.o.v. or a new trial on that contention, which motions the lower court denied.
 
 
 31
 Of course, damages may be awarded for embarrassment or mental distress resulting from a deprivation of constitutional rights. Franks v. Smith, 717 F.2d 183, 186 (5th Cir.1983); Ryland v. Shapiro, 708 F.2d 967, 976 (5th Cir.1983); see also Carey v. Piphus, 435 U.S. 247, 264 n. 20, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978). Absent proof of actual injury, however, only nominal damages may be awarded for violation of constitutional rights. Ryland v. Shapiro, 708 F.2d 967, 976 (5th Cir.1983); Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir.1980).
 
 
 32
 The plaintiffs testified to varying degrees of depression and embarrassment at not being hired. They described feelings ranging from being "letdown" to being "very much embarrassed, very much humiliated, very disappointed .... very, very sad." No proof of any physical manifestations of plaintiffs' asserted depression and embarrassment was given at trial. Moreover, it is not disputed that each resumed her normal fall-spring teaching assignment at the summer's end.
 
 
 33
 Because a full new trial is necessary, we need not pass on whether the evidence supports the $25,000 damages awards. On retrial, however, the District Court should determine whether any damages awarded are excessive in light of the above principles. If so, it may enter any remittitur order as is appropriate. See Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Cir.1970), modified, 456 F.2d 180 (5th Cir.), cert denied, 407 S.Ct. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972).
 
 
 34
 REVERSED and REMANDED.
 
 
 
 [1]
 The Trial Judge put four special interrogatories to the jury. Interrogatory No. 1 inquired:
 Do you find from a preponderance of the evidence that the political activities of any of the plaintiffs was a substantial and motivating factor in the decision of any of the defendants, acting alone or conspiring together with one or more of the other defendants, not to hire the plaintiffs? Answer "Yes" or "No".
 On the assumption that the answer to No. 1 was in the affirmative, interrogatory Nos. 2, 3, and 4 inquired, in essence, whether each defendant trustee acted to deprive any of the plaintiffs of her rights, whether each plaintiff was thus deprived of her rights, and what amount of damages each plaintiff thereby suffered. The jury answered "Yes" to the first three interrogatories and awarded damages.
 
 
 [2]
 The plaintiffs contend that the defendants failed to preserve their appeal on this point because they failed to object with adequate specificity in their motions for directed verdict. See F.R.Civ.P. 50. A fair reading of the defendants' motion at the close of the plaintiffs' case shows that their objection adequately challenged the sufficiency of the evidence as to the first Mt. Healthy inquiry. Appeal was thus preserved
 
 
 [3]
 Neither do we find the evidence as to Mills, Gonzalez, and Howard so lacking that the denial of the defendants' motion for a new trial was a clear abuse of the District Court's discretion. See Bunch v. Walter, 673 F.2d 127, 130 n. 4 (5th Cir.1982)
 
 
 [4]
 The plaintiffs argue that, under Rule 49(a), the defendants failed to preserve this issue for appeal
 The record reveals that the defendants submitted proposed jury instructions and a special verdict on the first day of trial. Their proposed special verdict issues 1 and 4 read:
 
 
 [1]
 Do you find from a preponderance of the evidence that politics was a substantial and motivating factor in any or all of the Defendants' decision not to hire any or all of the Plaintiffs?
 * * *
 
 
 [4]
 If the answer to Question "1" above is yes, do you find from a preponderance of the evidence that any or all of the Plaintiffs would have not been hired regardless of politics?
 Subsequently, before the jury retired to deliberate and before the defendants could object to the Court's charge, the Court stated:
 Now, gentlemen, in order for us to understand each other about the Court's charge, I will tell you that what you have favored me with, as far as proposed charges and proposed instructions, anything that I do inconsistent therewith you preserve your exception in full. So it will not be necessary for you to object to it. If it is not consistent with what I submitted to the jury, then you will certainly preserve your exception.... If you have already favored me with it in your proposals, you preserve your exception thereto. If I fail to give a requested instruction that you have given me, you preserve your exception.
 The defendants never thereafter objected to the Court's charge before the jury retired, as formally required under Rule 49(a).
 Because the Court's attention was specifically directed to the second part of the Mt. Healthy test, we hold that the issue was adequately preserved. See Bueno v. City of Donna, 714 F.2d 484, 489-90 (5th Cir.1983).
 
 
 [5]
 Rule 49(a) provides that if the trial judge
 omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.
 Consequently, the defendants' proposed special verdict issue 1 is of critical importance here. Had they not requested that special issue, this Court would merely have assumed that the Trial Judge had found, as a fact, that the defendants would not have made the same hiring decisions if the plaintiffs had not campaigned for the opposition candidates. Because the evidence supports the jury's finding on Mt. Healthy issue , the judgment entered against Mills, Gonzalez, and Howard would have then been proper.
 
 
 [6]
 The plaintiffs contend that the District Court's formulation of the initial Mt. Healthy question using the conjunctive "and" rather than the disjunctive "or", see supra, n. 1, and injecting elements of conspiracy into the inquiry, imposed a burden so heavy that a determination of the second Mt. Healthy issue was unnecessary. We disagree
 In Mt. Healthy, the Supreme Court used the phrase "a 'substantial factor'--or to put it in other words, ... a 'motivating factor'." 429 U.S. at 287, 97 S.Ct. at 576 (emphasis added). This suggests that the words were considered to be synonymous. Consequently, the Trial Court's coining of interrogatory No. 1, while not technically correct, would not impose a legally heavier burden on the plaintiffs. Even assuming that the words are not synonymous, a finding that the plaintiffs' politics was a "substantial" and a "motivating" factor in the defendants' hiring decisions in no way equates with a finding that it was the only reason they made those decisions.
 Further, interrogatory No. 1 asked only whether "any of the defendants, acting alone or conspiring together with one or more" was improperly motivated in refusing to hire the plaintiffs. Thus, no added evidentiary burden was placed on the plaintiffs which could possibly cure the Trial Court's error of omission.
 
 
 [7]
 Because plaintiffs had the burden of proving element of the Mt. Healthy test, the absence of sufficient evidence to support the jury's finding would moot the remaining contentions of the defendants, as it did for defendant Reyes. Consequently, we reviewed the evidence supporting that finding, even though it was necessary to remand for a new trial on both Mt. Healthy issues and
 We caution, however, that the determination that the evidence is legally sufficient on this record is not the faintest intimation, prediction, or expectation of the sufficiency of the evidence in the second trial. That determination must be left wholly to a review of the record there created. It is long-established that "this Court is, and must be, free to determine whether, first, the prior decision was erroneous, and second, and more important, whether the circumstances are such that a different result should be reached." Lincoln Nat'l Life Ins. Co. v. Roosth, 306 F.2d 110, 113 (5th Cir.1962) (en banc), cert. denied, 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963).