Earl R. LEONARD, Plaintiff-Appellee,

v.

ALUMINUM COMPANY OF AMERICA,
Defendant-Third Party
Plaintiff-Appellant,

v.

TEMPLE DR. PEPPER BOTTLING
CO., INC., Third Party
Defendant-Appellee.

No. 84–1467.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1986.

Michael O. Connelly, Mayor, Day & Caldwell, Robert M. Roach, Jr., Houston, Tex., for defendant-third-party plaintiff-appellant.

Robert J. Hanley, Waco, Tex., for Albertson's Inc.

Williams, Pattillo & Squires, Rod S. Squires, Waco, Tex., for Leonard.

Michael W. Huddleston, Cowles, Sorrells, Patterson & Thompson, P.C., David M. Macdonald, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

## ON PETITIONS FOR REHEARING

(Opinion August 2, 1985, 5th Cir.1985, 767 F.2d 134)

### OPINION

JERRE S. WILLIAMS, Circuit Judge:

The motion for rehearing is GRANTED. In our previous opinion in this case, 767 F.2d 134 (5th Cir.1985), we reversed the district court's judgment against the Aluminum Company of America [ALCOA] for failure to warn the consumer, the plaintiff-appellee, of the danger that a bottler might improperly crimp and seal the aluminum cap on a Dr. Pepper bottle, and, consequently, that carbonation might cause the cap to fly off the bottle. We based this decision on the rule laid down by the Texas Court of Appeals in *Alm v. Aluminum Co. of America*, 687 S.W.2d 374 (Tex.App.—Houston 1985), that Texas law imposes no duty on an aluminum company to warn the ultimate consumer of the dangers of improperly crimped bottle caps.

The Supreme Court of Texas has now reversed the Texas Court of Appeals decision in the *Alm* case, holding that the aluminum company does have a duty to warn the ultimate consumer of the dangers arising from bottle caps made by an intermediary from blanks supplied by the aluminum company. *Alm v. Aluminum Co. of America*, 717 S.W.2d 588 (Tex. 1986). The court further held, however, that such a manufacturer "should be able to satisfy its duty to warn consumers by proving that its intermediary was adequately trained and warned, familiar with the propensities of the product, and capable of passing on a warning." *Alm, supra* at 592.

At trial, there was no finding as to whether ALCOA satisfied this duty through training of and warnings to Temple Dr. Pepper Bottling. The relevant special written finding of the jury asked if ALCOA was negligent in failing to warn or instruct the consumer; the jury's answer was yes. In the charge to the jury, the judge gave the following explanation for what constitutes an adequate warning:

You are instructed that for a warning to be adequate ... it must be reasonably calculated to reach the ultimate user of the product in such a way that it would reasonably be expected to catch the attention of the reasonable prudent person.... User in this context encompasses the ultimate user or consumer such as the Plaintiff.

ALCOA's warning was thus evaluated solely on the basis of whether or not it would reach the ultimate consumer; there was no mention of the adequacy of ALCOA's warnings to or training of Temple Dr. Pepper Bottling. We conclude that the jury's finding that ALCOA did not adequately warn the plaintiff does not encompass the issue of whether ALCOA adequately warned or trained the bottler.

Neither can a finding on that issue be deemed under Rule 49(a). That rule provides that if an issue is omitted in a special verdict, no party demands its inclusion, and the court makes no findings respecting it, then a finding on the issue consistent with the judgment may be deemed to have been

made. This rule only applies, however, to issues "raised by the pleadings or by the evidence." Fed.R.Civ.P. 49(a). For guidance in the application of this rule, we turn to *Solis v. Rio Grande City Independent School*, 734 F.2d 243 (5th Cir.1984). There, the plaintiffs' success depended on two findings by the jury: (1) that the plaintiffs' political activities were substantial and motivating factors in the school board's decision not to hire them, and (2) that the plaintiffs would have been hired had those factors not be considered. The first issue was decided against the defendants; the second was never presented to the jury. We held that "Rule 49 is not satisfied" by deeming a finding on the second issue consistent with the defendants' liability. *Solis, supra* at 250. Rather, there were two distinct questions to be answered, and the trial court should have submitted two separate questions to the jury.

Here, the jury found that ALCOA's warnings to the ultimate consumer were inadequate. The Texas Supreme Court's *Alm* decision, however, requires that the jury must be instructed on another issue before liability can be imposed on ALCOA, *viz.*, that ALCOA's warnings to and training of Temple Dr. Pepper Bottling were inadequate. The proper application of Rule 49(a) does not allow this second finding to be deemed.

In view of the new *Alm* rule and the fact that the jury was not instructed with respect to it, our earlier decision must be vacated, and the case must be reversed and remanded for a new trial. There remains an issue of the applicability of the agreement under which Temple Dr. Pepper Co., Inc. indemnified ALCOA against claims "arising in connection with" Temple Dr. Pepper's use of the capping machine it bought from ALCOA. Resolution of this issue, however, must await a new jury verdict as to the alleged negligence of ALCOA under the Texas Supreme Court's *Alm* rule.

REVERSED AND REMANDED.